IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NOS. 5:97-CR-43-1; 5:97-CR-348-1

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| | ) |
| v. | ) **ORDER** |
| | ) |
| TRAVIS B. FRALEY, | ) |
| | ) |

**BEFORE THE COURT** is Travis B. Fraley's ("Fraley") Motion to Terminate Supervised Release. (Doc. 23). Fraley bring his motion pursuant to 18 U.S.C. § 3583(e)(1). (*Id.*). Fraley filed the instant motion *pro se*.

18 U.S.C. 3583(e)(1) states that

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

"[A] court may terminate a term of supervised release under this section as long as the defendant has served at least one year of supervised release and the court considers the relevant section 3553(a) sentencing factors" which are largely the same as the factors considered by the original sentencing court. *Folks v. U.S.*, 733 F. Supp. 2d 649, 650 (M.D.N.C. 2010).[1]

---

[1] These factors are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B); (3) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant," § 3553(a)(2)(C); (4) "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner,

1

Defendant is on supervised release resulting from four convictions. Defendant pled guilty to two counts of possessing cocaine with intent to distribute and two counts of possessing prohibited objects, namely marijuana and a narcotic drug, while being an inmate. (Doc. 9). The Court finds that Fraley is over three years into his ten year supervised release term.

Having considered all the factors, the Court finds that Fraley has not provided a sound basis for the Court to exercise its discretion to terminate his supervised release. Fraley maintains that he has complied with all terms of his supervised release. He also maintains that supervised release has limited his ability to travel and, therefore, limited his advancement in his position as a truck driver.

"One of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime." *Folks*, 733 F. Supp. 2d at 652. Complying with the terms of supervised release is exactly what is expected of a person and, by itself, does not warrant early termination. *Id.* If that were so, "the exception would swallow the rule." *United States v. Christy*, No. 5:89-CR-9-1F, 2012 WL 441445, at *1 (E.D.N.C. Feb. 10, 2012) (quoting *United States v. McKay*, 352 F. Supp. 2d. 359, 361 (E.D.N.Y.)). "Ultimately, the decision whether to terminate a term of supervised release is within the court's discretion." *Id.* (citing *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)).

The fact that Defendant is on supervised release is a consequence of his serious drug convictions. *Folks*, 733 F. Supp. 2d. at 651-52. Supervised release is important tool used to discourage recidivism. *Id.* The Court finds that this tool still has use in the instant case. Further, Defendant still has outstanding court payments due. Therefore, the Court finds that the interests of justice would not be served by allowing early termination in this instance.

---

§ 3553(a)(2)(D); (4) the sentence imposed, § 3553(a)(4); (5) any pertinent policy statements, § 3553(a)(5); and (6) "the need to provide restitution to any victims of the offense," § 3553(a)(7).

**IT IS, THEREFORE, ORDERED THAT** Travis B. Fraley's Motion to Terminate Supervised Release (Doc. 23) be **DENIED**.

Signed: November 7, 2014

Richard L. Voorhees
United States District Judge